95 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Don Byron REILLY & Mary Lou Reilly, Debtors.
Don Byron REILLY; Mary Lou Reilly, Appellants,
v.
CITIZENS STATE BANK; Bruce H. Hussey; Nettie Mae Brown;
Farm Credit Bank of Spokane, Appellees.
 No. 95-35537.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtors Don Byron Reilly and Mary Lou Reilly appeal an order of the Bankruptcy Appellate Panel ("BAP") holding that a final decree of the bankruptcy court was not an appealable order and that the bankruptcy court did not abuse its discretion in denying the Reillys' motion for reconsideration.
 
 
 3
 The BAP's order was entered on April 12, 1995. On April 27, 1995, the Reillys filed a motion for clarification which was treated as a motion for rehearing filed pursuant to Fed.R.Bankr.P. 8015. Because the Reillys motion for rehearing was filed more than ten days after the BAP's judgment was entered, it was untimely filed. See Fed.R.Bankr.P. 8015.[1] Accordingly, the thirty day period to file a notice of appeal was not tolled,[2] see Fed.R.App.P. 4(a)(4) & 6(b)(2)(i), and the Reillys notice of appeal should have been filed by May 12, 1995.[3] The Reillys did not file their notice of appeal until May 15, 1995. We therefore dismiss this appeal for lack of jurisdiction.
 
 
 4
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, the Appellants' request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the time to file a motion for rehearing runs from the date of entry and not from the date of service, we reject the Reillys' contention that, pursuant to Fed.R.Bankr.P. 9006(f), they were allowed three additional days to file their motion for rehearing. See United States v. Schimmels (In re Schimmels), 85 F.3d 416, 420 n. 4 (9th Cir.1996)
 
 
 [2]
 We reject the Reillys' contention that the sixty day period for filing a notice of appeal applied because they named Neil Jensen, Assistant United States Trustee, as a party. See Bennett v. Gemmill (In re Combined Metals Reduction Co., 557 F.2d 179, 203-04 (9th Cir.1977). Furthermore, the Reillys fail to allege how Farm Credit Bank of Spokane is an officer or agency of the United States
 
 
 [3]
 Because the time to file a notice of appeal runs from the date of entry and not from the date of service, we reject the Reillys' contention that, pursuant to Fed.R.App.P. 26(c), they were allowed three additional days to file their notice of appeal. See In re Schimmels, 85 F.3d at 420 n. 4